Order entered October 23, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00498-CV

### SHARON GAST, Appellant

### V.

### CRAIG TINSLEY, TIFFANY TINSLEY, CRAIG TINSLEY "TRUSTEE", 4308 SPRING HILL ESTATES "TRUST", CTT LAND TRUST, GAYLENE ROGERS LONERGAN, THE LONERGAN LAW FIRM PLLC, DHLC MORTGAGE LLC, ROBERT BARNEY, INDIVIDUALLY, CAPITOL TITLE OF TEXAS, LLC, Appellees

### On Appeal from the 429th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 429-02870-2014

## ORDER
Before Chief Justice Wright and Justices Lang-Miers and Stoddart

On September 10, 2015, the Court dismissed the appeal for want of prosecution because the clerk's record was not filed. The clerk's record was filed on September 11, 2015 and appellant filed a motion to reinstate on September 21, 2015.

On the Court's own motion, we **WITHDRAW** this Court's opinion dated September 10, 2015 and **VACATE** the judgment of the same date.

The Court has reviewed the clerk's record and has a question concerning our jurisdiction over the appeal. This Court has jurisdiction only over appeals from final judgments and those interlocutory orders specifically authorized by statute. *See Lehmann v. Har-Con Corp.*, 39

S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all parties and all claims. *See id.*

Appellant is appealing the trial court's April 16, 2015 order granting a motion for summary judgment that was filed by four of eleven defendants.[1] In the judgment, the trial court ordered that appellant take nothing on her claims against the four movant defendants. It appears appellant's claims against the other defendants remain pending.

So that this Court can determine its jurisdiction over the appeal, appellant is requested to file, by **NOVEMBER 2, 2015**, a letter brief of no more than three pages explaining how this Court has jurisdiction over the appeal. Appellees may file a responsive letter brief of no more than three pages within ten days of appellant's brief. No extension of time will be granted. If either party will be relying on information not in the record before this Court, that party must obtain a supplemental clerk's record from the trial court containing that information.

After we have received briefs regarding the jurisdictional issue, we will either: (1) dismiss the appeal for want of jurisdiction; or (2) notify the parties by letter that it appears we have jurisdiction over the appeal and set a deadline for appellant's brief on the merits. We caution appellant that failure to file a jurisdictional brief by **NOVEMBER 2, 2015**, may result in dismissal of the appeal without further notice.

We **DENY** as moot appellant's motion to reinstate.

/s/     CAROLYN WRIGHT
            CHIEF JUSTICE

---

[1] There may be twelve defendants. It is not clear from the record before this Court if Christopher Eddy is a defendant.